GILES C. DANA, plaintiff in error, *v.* THOMAS BRYANT *et al.*, defendants in error.

*Error to Peoria.*

The principle is undeniable, that a defendant succeeding on one plea, which is a complete answer to the declaration, shall have judgment in his favor, in bar of the action.

It is a general rule in pleading, that a party confesses all such traversable allegations on the opposite side as he does not controvert. The omission by him to traverse material facts alleged by his adversary, is considered as an admission of them. What he thus concedes on the record, he is not permitted afterwards to contradict.

To this general rule, however, there are exceptions. One of them is in the case of dilatory pleas. Such pleas do not go to the merits of the action, but merely oppose some matters of form to the further progress of the case. Another exception is in the case of a new assignment. The office of a new assignment is to obviate a difficulty occasioned by the generality of the declaration, and the defendant is required to plead to it anew, leaving out of question the original plea tendered to the declaration.

Again, the rule is not held to be applicable to pleadings in estoppel. A plea in estoppel, instead of confessing the allegations of the opposite party, neither admits them, as in the case of a plea in confession and avoidance, nor denies them, as in the case of a plea of traverse, but alleges some new matter, which being inconsistent with those allegations, precludes the party from availing himself of them.

A party, who has been unsuccessful in pleading an estoppel, is not afterwards precluded from confessing and avoiding, or traversing the allegations of his adversary. The issue presented by the estoppel, is not to determine the truth or validity of the particular facts pleaded, but the right and power of the party to insist on them as a defence. This is the only question to be decided. If the estoppel is sustained, the other party is concluded from making the allegations he has interposed. If disallowed, the party who has admitted nothing by pleading it, may then present his answer to the allegations. The question seems, therefore, to be a preliminary one, which may not necessarily dispose of the whole case, and should be first decided, where there are other questions of fact to be tried.

When it is decided that a defendant is not estopped by the record from insisting on the allegations of his plea, the judgment on the finding should be interlocutory, and not final, concluding the plaintiff from the further assertion of his claim.

THIS was the case of a motion for a writ of inquiry of damages, &c., on a judgment rendered upon the official bond of a sheriff at a previous term of the Peoria Circuit Court.

The motion was made at the April term, 1844, of said Court, and heard before the Hon. John D. Caton and a jury. One of the issues was found for the defendants, and on their motion, final judgment was rendered by the Court in their favor, after the jury had found that the breaches assigned were true, and had assessed the plaintiff's damages at $509·66. The plaintiff, for this reason, prosecutes his writ of error in this Court. The material facts and pleadings appear in the Opinion of the Court.

*E. N. Powell & W. F. Bryan*, for the plaintiff in error:

*Nul tiel record* only puts in issue the record. 1 Chitty's Pl. 521; 2 Tidd's Prac. 746; 2 Duer's Prac. 161; *Bush* v. *Critchfield*, 5 Ohio, 63.

The plaintiff was entitled to judgment. *The People* v. *Haddock*, 12 Wend. 475; *Shreve* v. *Whittlesey*, 7 Missouri 473; *Menard* v. *Wilkinson*, 3 do. 255; *Havens* v. *Bush*, 2 Johns. 387; *Stafford* v. *City of Albany*, 6 do. 1; 1 Chitty's Pl. 695; 5 Bac. Ab. 453.

A defendant cannot have judgment, *non obstante veredicto;* his remedy is in arrest of judgment. *Schermerhorn* v. *Schermerhorn*, 5 Wend. 513;

It is a rule, that every pleading is taken to confess such traversable matters alleged on the other side, as it does not traverse. But there are exceptions to this general rule, and among them, in cases of dilatory pleas, and pleadings in estoppel. Stephen on Pl. 219, 220; Gould's Pl. 46, 343.

*C. Ballance*, for defendants in error, cited *Burlingame* v. *Turner*, 1 Scam. 588; Gould's Pl. 509, 510.

The Opinion of the Court was delivered by

Treat, J. At the October term, 1839, of the Peoria Circuit Court, a judgment was recovered in the name of the People of the State of Illinois against Thomas Bryant, Charles Ballance, Augustus O. Garrett, John C. Caldwell, and Luther Sears, for the sum of ten thousand dollars, the amount of the penalty of the official bond of said Bryant, as sheriff of Peoria county.

At the April term 1841, in pursuance of the 14th section of the "*Act concerning Sheriffs and Coroners,*" (R. L. 376; Gale's Stat. 655,) Giles C. Dana moved the Court for a writ of inquiry of damages on said judgment and suggested several breaches of the bond, the most material of which was, in substance, that at the May term, 1838, of said Court, he recovered a judgment against Thomas Phillips for $373·60; that on the 18th day of March, 1839, a writ of *fieri facias* was issued on said judgment and delivered to said Bryant, as sheriff, to be executed; that during its life time, said Bryant received $5 by virtue thereof; that on the 18th day of September, 1839, an *alias fieri facias* issued on said judgment, which came to the hands of said Bryant as sheriff, and that on the 18th day of December, 1839, by virtue thereof, he received from said Phillips the whole amount due thereon, which be refused and neglected to pay said Dana. The defendant appeared, and pleaded six pleas to the assignment of breaches. A demurrer was sustained to the third, fourth and sixth pleas.

The *first* plea denies that a *fieri facias* was issued on the judgment, on the 18th day of March, 1839, directed to the sheriff of Peoria county to be executed. The plaintiff joined issue on this plea.

The *second* plea denies that Bryant, as sheriff, received on the 18th day of December, 1839, the amount due on the *alias fieri facias.* On this plea issue was joined.

The *fifth* plea alleges, that the said sum of money was received by said Bryant without any legal authority, and was not received by him as sheriff. To this plea, the plaintiff replied by way of estoppel, that the defendants ought not to be permitted to plead said plea, because said Bryant, by his return indorsed on the *alias fieri facias*, acknowledged that he received said sum of money as sheriff as by the said return, remaining of record, will be seen. The defendant re-joined, *nul tiel record.*

This last issue was heard by the Court, and found for the the defendants. A writ of inquiry was awarded, and a jury sworn to assess the damages sustained by the plaintiff, by reason of the breaches suggested, who found that the breaches

assigned were true, and assessed the plaintiff's damages at $509·66.

The defendants entered their motion for judgment on the issue found in their favor by the Court, which motion the Court sustained, and rendered final judgment for the defendants, although the jury had found for the plaintiff on the other issues.

To reverse that judgment, Dana prosecutes his writ of error.

The main question presented for our consideration by the assignment of errors, is whether the defendants, on the finding of the Court on the issue of *nul tiel record*, were entitled to judgment.

It is insisted by the defendants, that the replication admitted the truth of all the material allegations of the plea, and that the plaintiff failing to sustain his replication by the production of the record, the defendants were entitled to final judgment. If the replication is to be regarded as an admission by the plaintiff of the facts set up by the plea, the conclusion contended for follows, and the defence was complete. The principle is undeniable, that a defendant succeeding on one plea, which is a complete answer to the declaration, shall have judgment in his favor, in bar of the action.

It is a general rule in pleading, that a party confessess all such traversable allegations on the opposite side, as he does not controvert. The omission by him, to traverse material facts alleged by his adversary, is considered as an admission of them. And what he thus concedes on the record, he is not permitted afterwards to contradict.

To this general rule, there are certain exceptions. One of them is in the case of dilatory pleas. Such pleas do not go to the merits of the action, but merely oppose some matters of form to the further progress of the case.

Another exception is in the case of a new assignment. The office of a new assignment is to obviate a difficulty occasioned by the generality of the declaration, and the defendant is required to plead to it anew, leaving out of question the original plea tendered to the declaration.

Again, the rule is not held to be applicable to pleadings in

estoppel. A plea in estoppel, instead of confessing the allegations of the opposite party, neither admits them, as in the case of a plea in confession and avoidance, nor denies them, as in the case of a plea of traverse, but alleges some new matter, which being inconsistent with those allegations, precludes the party from availing himself of them. Stephen on Pl. 219, 220; Gould's Pl. 46, 343.

If this be the correct doctrine in relation to this kind of pleading, it would seem to follow necessarily that a party, who has been unsuccessful in pleading an estoppel, is not afterwards precluded from confessing and avoiding, or traversing the allegations of his adversary. The issue presented by the estoppel, is not to determine the truth or validity of the particular facts pleaded, but the right and power of the party to insist on them as a defence. This is the only question to be decided. If the estoppel is sustained, the other party is concluded from making the allegations he has interposed. If disallowed, the party who has admitted nothing by pleading it, may then present his answer to the allegations. The question seems, therefore, to be a preliminary one, which may not necessarily dispose of the whole case, and should be first decided, when there are other questions of fact to be tried.

In this view of the case, the finding of the Court on the issue of *nul tiel record* only decided that the defendants were not estopped by the record from insisting on the allegations of their plea, and did not determine that those allegations were true. The proper judgment on such finding was interlocutory, and not final, concluding the plaintiff from the further assertion of his claim. The plaintiff, after this decision against him, should have tendered an issue to the plea, and that issue, with those formed on the other pleas, should have been submitted by the Court to the jury for trial together.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings consistent with this Opinion. *

*Judgment reversed.*

---

* A petition for a re-hearing was filed in this case, which was denied.